IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERKLEY INSURANCE COMPANY,** | : | No. 3:23cv615 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **MARX SHEET METAL & MECHANICAL, INC.; MARX NJ GROUP, LLC; JOSEPH MARX; ANGELA MARX; THOMAS MARX, SR.; and NANCY MARX,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 31st day of October 2024, before the court for disposition is Magistrate Judge Martin C. Carlson's report and recommendation, ("R&R"), which proposes granting the plaintiff's motion for default judgment on Count II of the complaint in the amount of $15,503,494.65. No objections to the R&R have been filed, and the time for such filing has passed. Therefore, in deciding whether to adopt the R&R, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

In the R&R Magistrate Judge Carlson performed a thorough analysis of the issues and concluded that:

> [T]the defaults of defendants Marx NJ Group, LLC, Joseph Marx, and Angela Marx are undisputed. . . . [These] defendants have been provided a full and fair opportunity to contest the type and amount of any default judgments proposed by [plaintiff] and have failed to do so. … [T]he default judgments sought by [plaintiff] . . are firmly rooted in settled case law, are fully supported by the express language of the parties' agreement and are grounded in uncontested facts.

(Doc. 38, R&R at 8-9).

Thus, after a careful review, the court finds neither a clear error on the face of the record nor a manifest injustice and the R&R will be adopted. The docket reflects, however, that two of the defendants, Angela Marx and Marx Sheet Metal and Mechanical, Inc., have filed for bankruptcy. (Doc. 21, Doc. 39). The case has previously been stayed regarding Defendant Marx Sheet Metal and Mechanical, Inc. because of it filing for bankruptcy. (Doc. 23; Doc. 26). The court will also stay the case as to Defendant Angela Marx.

Additionally, plaintiff states that it has settled its claims against Defendants Thomas Marx, Sr. and Nancy Marx. (Doc. 36, ¶ 14).

Accordingly, it is hereby **ORDERED** as follows:

1) All proceedings in this matter as to Defendant Angela Marx are stayed pursuant to 11 U.S.C. § 362 as a result of her filing a bankruptcy petition. The

parties are directed to notify the court within thirty (30) days after the conclusion of the bankruptcy proceedings so that the stay maybe be lifted if appropriate;

2) Defendants Thomas Marx, Sr. and Nancy Marx, and the claims against them, are **DISMISSED** pursuant to plaintiff's statement that these claims have been settled;

3) The magistrate judge's R&R (Doc. 38) is **ADOPTED**;

4) Plaintiff's motion for default judgment regarding Count II of the complaint (Doc. 36) is **GRANTED** as to Defendant Marx NJ Group, LLC and Defendant Joseph Marx;

5) Judgment is entered in favor of plaintiff and against Defendants Marx NJ Group, LLC and Joseph Marx, jointly, severally, and individually, in the amount of $15,503,494.65; and

6) The Clerk of Court is directed to administratively **CLOSE** this case.[1]

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[1] Plaintiff obtained an entry of default on the three-count complaint with regard to Marx NJ Group, LLC and Joseph Marx. (Doc. 29). The motion for default judgment, however, sought judgment specifically on Count II of the complaint. The closing of the case is without prejudice to plaintiff moving to re-open the case regarding judgment on Counts I and III in the future if appropriate. The closing is also without doubt prejudice to reopening the case regarding the parties in bankruptcy, at a future date if appropriate.